**Edna May PADDOCK, Executrix of the Estate of Robert D. Paddock, Deceased, Plaintiff,**

v.

**BENSEN AIRCRAFT CORPORATION, a corporation, Defendant.**

Civ. No. 67–492.

United States District Court
W. D. Oklahoma.

Oct. 24, 1968.

Burton J. Johnson and Robert L. Huckaby, of Watts, Looney, Nichols & Johnson, Oklahoma City, Okl., for plaintiff.

James W. Shepherd, of Foliart, Shepherd & Mills, Oklahoma City, Okl., for defendant.

ORDER

DAUGHERTY, District Judge.

The Defendant has moved to dismiss the Complaint herein claiming that the Court does not have jurisdiction over its person in this case. The Motion, as amended, has been briefed, affidavits and depositions have been filed, the Court has conducted an evidentiary hearing at which certain exhibits were placed in evidence and oral arguments on the Motion have been received. From a consideration of the foregoing, the Court finds and concludes that it has jurisdiction over the person of the Defendant in this case pursuant to Title. 12, Oklahoma Statutes, § 1701.03(a) (4), and the Defendant's Motion to Dismiss should be overruled.

The Defendant is a foreign corporation (chartered in North Carolina) and is not licensed or domesticated in Oklahoma. It is engaged in the business of manufacturing component parts for two aircrafts known as a Gyro-Glider and Gyrocopter. It sells these component parts in what is known as kits and publishes plans and instructions for the assembly of the same. It does not assemble the aircraft.

It appears that the Plaintiff's decedent purchased certain Gyrocopter kits manufactured by the Defendant from one Robert Frederick of Springfield, Missouri. Mr. Frederick does not appear to have been the agent, distributor or dealer of the Defendant. It is alleged that the Plaintiff's decedent assembled the said aircraft kits pursuant to the Defendant's plans and instructions and while thereafter flying the assembled Gyrocopter in Oklahoma, the same crashed which brought about the death of Plaintiff's decedent. The Plaintiff asserts that the crash and the death of her decedent were caused by

the Defendant's negligence in the defective design and manufacture of the component parts of the aircraft, Defendant's negligence in failing to exercise ordinary care in making a proper inspection with reference to the construction and design of said aircraft and breach of express and implied warranties of fitness.

Title 12, Oklahoma Statutes, § 1701.-03(a) (4), provides:

"§ 1701.03 *Bases of jurisdiction*

(a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action or claim for relief arising from the person's: * * *

(4) causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state;"

The Court finds and concludes that the Plaintiff's alleged cause of action herein claims that the Defendant caused a tortious injury in Oklahoma to her decedent by acts or omissions outside the State of Oklahoma in the form of the alleged negligence above set out; and further finds and concludes that the Defendant regularly does business in Oklahoma (it sold five of its aircraft kits in Oklahoma in 1966 and seven in 1967) and engages in a persistent course of conduct in Oklahoma (by shipping parts regularly into Oklahoma) and derives substantial revenue from goods used in Oklahoma (from the sale of aircraft kits in Oklahoma amounting to approximately 1 percent of its gross nationwide and overseas sales).

Thus, the Court has jurisdiction over the person of the Defendant with reference to the cause of action asserted herein by the Plaintiff and Defendant's Motion to Dismiss should be and the same is hereby overruled. The Defendant will answer the Complaint within twenty (20) days from the date hereof.